UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| NORTHWEST LABORERS-EMPLOYERS HEALTH & SECURITY TRUST, WESTERN WASHINGTON LABORERS-EMPLOYERS PENSION TRUST, NORTHWEST LABORERS-EMPLOYERS TRAINING TRUST, and WASHINGTON AND NORTHERN IDAHO DISTRICT COUNCIL OF LABORERS<br><br>　　　　　　　　　Plaintiffs<br>　v.<br><br>HURST CONSTRUCTION, LLC<br><br>　　　　　　　　　Defendant | NO.<br><br>COMPLAINT FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT |

COME NOW PLAINTIFFS, and for their cause of action, allege as follows:

1. Plaintiffs Northwest Laborers-Employers Health & Security Trust, Western Washington Laborers-Employers Pension Trust, and Northwest Laborers-Employers Training Trust (Trusts) are joint labor-management employee benefit trusts created pursuant to § 302(c)(5) of the Labor-Management Relations Act (the Act), 29 U.S.C. § 186(c)(5) and bring this action in accordance with §§ 502(d)(1), 502(a)(3) and 515 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001, et seq.

COMPLAINT FOR BREACH OF
COLLECTIVE BARGAINING AGREEMENT—1

Stoll Law Group, PLLC
2033 Sixth Avenue — Suite 993
Seattle, WA 98121-2527
Telephone 206-623-2855
Fax 206-667-9805

2. Plaintiff Washington and Northern Idaho District Council of Laborers and its affiliated Union locals (Union) is a labor organization that has its principal office located at 3909 164th Street SW, Lynnwood, Washington.

3. Defendant Hurst Construction, LLC (Employer) is engaged in business within the jurisdiction of this Court, and such business affects commerce within the meaning of § 301(a) of the Act, 29 U.S.C. § 185(a).

4. Jurisdiction is conferred on this Court by § 301(a) of the Act, 29 U.S.C. § 185(a) and §§ 502(a)(3) and 502(e)(2) of ERISA, 29 U.S.C. § 1132(a)(3) and § 1132(e)(2).

5. At all times material the Employer and the Union and its affiliated Local 348 were parties to a collective bargaining agreement (Labor Agreement) and Trust Agreements, material parts of which are set forth as Exhibits A and B, respectively, to this Complaint.  Plaintiff Trusts are third-party beneficiaries to the Labor Agreements.

6. The terms of the Trust Agreements, and ERISA, 29 U.S.C. §§ 1027 and 1059, grant the Trusts the authority to review the payroll records of the Employer to verify the accuracy of the Employer's reporting of bargaining unit hours worked by the Employer's employees, and to verify the corresponding required fringe benefit payments to the Trusts.

7. Pursuant to the authority granted in the Trust Agreements, Plaintiffs requested that the Employer submit to an examination of its payroll records to determine if the Employer has correctly reported hours and paid fringe benefit contributions, dues, and other wage deductions on behalf of its laborer-classification employees. The Employer did not adequately respond to requests from Plaintiffs' Accountant (Anastasi, Moore & Martin, PLLC) for the payroll audit (see August 30, 2016, letter from Accountant, attached as Exhibit C), or to four subsequent

COMPLAINT FOR BREACH OF
COLLECTIVE BARGAINING AGREEMENT—2

letters from Plaintiffs' attorney.

8. The Employer has failed to abide by the terms and conditions set forth in the Trust Agreements by refusing to produce the requested payroll records to the Trusts. Plaintiffs believe the Employer has failed to abide by the terms and conditions set forth in the Labor Agreements and the Trust Agreements and is delinquent in the payment of fringe benefit contributions, dues, and other wage deductions in unknown amounts from May 2015 forward, which are due and payable under the terms of the Labor Agreements and the Trust Agreements. The Employer's failure to pay is also a violation of § 515 of ERISA, 29 U.S.C. § 1145.

9. The Employer's failure to produce its payroll records for inspection and to pay fringe benefit contributions, dues, and other wage deductions, which continue after the filing of this Complaint, violates the Labor Agreements and the Trust Agreements. The Employer's failure to pay is also a violation of § 515 of ERISA, 29 U.S.C. § 1145.

10. The full extent of the Employer's delinquency in the payment of its required fringe benefit contributions, dues and other wage deductions to the date of this Complaint is unknown at this time and will be determined by an examination of the Employer's payroll records, which examination is authorized by the Trust Agreements, ERISA, 29 U.S.C. §§ 1027 and 1059, and controlling Federal court decisions.

11. The continuing failure of the Employer to produce its payroll records for review, to pay contributions, dues, and other wage deductions, and to file monthly contribution report forms makes the full extent of the Employer's delinquency uncertain and it will be determined at the time of trial.

12. Under the terms of the Labor Agreements and Trust Agreements to which the

COMPLAINT FOR BREACH OF
COLLECTIVE BARGAINING AGREEMENT—3

1  Employer is bound, the Employer is also obligated to pay all liquidated damages in the amount of

2  15 percent (15%) of the delinquent contributions owing and interest computed at the rate of 15

3  percent (15%) per annum on all contributions owing, as well as costs and expenses incurred,

4  including reasonable attorney fees.

5     13. If judgment is entered by default, a reasonable attorney's fee as of the date of this

6  Complaint is $2,000.00.

7     WHEREFORE, Plaintiffs pray for the following relief:

8     (a)   Judgment against Defendant Hurst Construction, LLC representing contributions, dues, and other wage deductions, liquidated damages, and interest in an amount to be determined at the time of trial;

10    (b)   All costs and attorney fees incurred; and

11    (c)   Such other relief as the Court deems just and equitable.

12    DATED November 18, 2016

14                        s/ Mary L. Stoll
                          Mary L. Stoll, WSBA No. 16446
15                        Attorney for Plaintiff Trusts and Union
                          STOLL LAW GROUP, PLLC
16                        2033 Sixth Avenue — Suite 993
                          Seattle WA  98121-2527
17                        Telephone 206-623-2855
                          Fax 206-667-9805
18                        Email marys@mlstoll-law.com

COMPLAINT FOR BREACH OF
COLLECTIVE BARGAINING AGREEMENT—4

STOLL LAW GROUP, PLLC
2033 Sixth Avenue — Suite 993
Seattle, WA  98121-2527
Telephone 206-623-2855
Fax 206-667-9805